UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KYLE McCONNELL,

               Plaintiff,       Case No.  09-12603
                                       HON. BERNARD A. FRIEDMAN
                                       MAGISTRATE JUDGE MICHAEL HLUCHANIUK
v.

MARGARET SHARPE, et al.,

               Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and

Recommendation ("R and R") dated February 3, 2011, recommending that the Court deny

Defendants' motion for summary judgment.  Defendants filed an objection to the R and R, and

Plaintiff filed a response to Defendants' objections.

This Court has had an opportunity to fully review this matter and the parties' filings, and

believes that the Magistrate Judge has reached the correct conclusions for the proper reasons.

The Court hereby adopts pages 2-6 of the R and R, comprising the factual history of this matter,

as though restated herein.

**II.     Analysis**

This is a civil rights action brought under 42 U.S.C. § 1983.  As the R and R notes, there

is virtually no substantive dispute about the facts in this case.  The basis of Plaintiff's claim is

that she sought medical care, but was refused such care for close to a 24 hour period before

ultimately suffering a subarachnoid hemorrhage, a stroke and a ruptured brain aneurysm.

Defendant submitted three specific objections to the R and R, each of which is addressed below.

### A.     Question of Sufficient Evidence Regarding Objective Element

Defendant's first objection argues that the Magistrate Judge erred in concluding that Plaintiff has come forward with sufficient evidence to establish the objective element of her Eighth Amendment claim.

Defendant argues that because Plaintiff only submitted a declaration regarding the fact that she suffered a subarachnoid hemorrhage, a stroke and a ruptured brain aneurysm, she has not satisfied the objective component of her Eighth Amendment claim. Further, Defendant argues that Plaintiff's case is a delay in treatment case, not a denial of treatment case, and so Plaintiff must submit medical evidence to establish the detrimental effect of the delay in medical treatment, which she has not done.

Plaintiff points out that the R and R stated, correctly, that it was not necessary for the Defendants to know that Plaintiff was suffering from a subarachnoid hemorrhage, a stroke and a ruptured brain aneurysm, "but, rather, whether it was obvious that she required immediate medical attention." R and R, 10. The R and R then correctly stated that Defendants were liable "when informed of plaintiff's symptoms, a layperson would perceive the need for immediate medical attention." R and R, 11. The question of whether it was obvious that Plaintiff required immediate medical attention is a question of fact, and Plaintiff's deposition testimony and her declaration are sufficient to establish such question of fact.

Further, as explained by the Sixth Circuit, "[w]here the seriousness of a prisoner's needs

for medical care is obvious even to a lay person, the constitutional violation may arise.  This violation is not premised on the "detrimental effect" of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm. . . . [the] conduct in causing the delay creates the constitutional infirmity.  In such cases, the effect of the delay goes to the extent of the injury, not the existence of a serious medical condition."  Blackmore v. Kalamazoo County, 390 F.3d 890, 899.

Additionally, the Sixth Circuit has held, "where a plaintiff's claims arise from an injury or illness so obvious that even a layperson would easily recognize the necessity for a doctor's attention, the plaintiff need not present verifying medical evidence to show that, even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated. Instead, it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame."  Id. at 900.

Here, Plaintiff has provided sufficient evidence to create a question of fact regarding whether her need for medical attention was obvious.

### B.    Question of Sufficient Evidence Regarding Subjective Element

Next, Defendants argue that the Magistrate Judge erred in concluding that Plaintiff established the subjective prong of proving that Defendants were deliberately indifferent. Defendants contend that "Plaintiff failed to produce evidence . . . that Defendants each drew the inference that Plaintiff was at a substantial risk of serious harm, and then ignored that risk." Objection, p. 8.

The Sixth Circuit has held, however, that evidence demonstrating deliberate indifference need not specifically regard the mind set of the Defendants.  Estate of Carter v. City of Detroit,

408 F.3d 305, 313 (2005).  The Sixth Circuit has explained,

> In most cases in which the defendant is alleged to have failed to provide
> treatment, there is no testimony about what inferences the defendant in fact drew.
> Nonetheless, in those cases, a genuine issue of material fact as to deliberate
> indifference can be based on a strong showing on the objective component. For
> example, in a recent case, Garretson v. City of Madison Heights, a panel of this
> court held that where one named and one unnamed officer were told by the
> plaintiff pre-trial detainee that she was a diabetic in need of insulin, and was past
> due for her next dose, a genuine issue of material fact existed as to whether the
> two acted with deliberate indifference to her medical needs in failing to have her
> transported to the hospital.

Id.

Here, where there is a question of fact regarding whether the objective component has

been shown, and how strongly, then there is also a genuine issue of material fact as to deliberate

indifference.  Further, Plaintiff has alleged that she approached each Defendant, some more than

once, and complained of her serious medical condition, asking each Defendant to call or send her

to emergency health care.  Each Defendant refused.  Plaintiff has created a question of fact

regarding deliberate indifference.

### C.      Qualified Immunity

Finally, Defendants argue that the R and R recommendation of denial of qualified

immunity should be rejected for two reasons

First, Defendants argue that the Magistrate Judge misconstrued the burden shifting

framework of the qualified immunity analysis.  Defendants contend that the Magistrate Judge

was incorrect in finding that Defendants were required to prove that they were entitled to

qualified immunity, because once a defendant raises a defense of qualified immunity, then

plaintiff bears the burden of demonstrating that the defendant is not so entitled.  Here,

Defendants did raise the defense of qualified immunity in their motion for summary judgment.

4

Regardless of the burden shifting framework contained in the R and R, however, Plaintiff has demonstrated a sufficient question of fact regarding "what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999).

Second, Defendants argue that in denying qualified immunity, the Magistrate Judge defined the right too broadly. Defendants contends that the qualified immunity analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition," Saucier v. Katz, 533 U.S. 194, 201 (2001), and that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202. Regardless of whether the Magistrate Judge defined the right two broadly by recognizing a general right to health care, which is a right but is not specific enough for Defendants, the Court finds that the overall conclusion of the R and R was correct. It is undeniable that if, as Plaintiff alleges, she made significant attempts to receive medical care and made significant complaints about her health condition, multiple times, all of which were rebuffed, then a reasonable official should understand that ignoring Plaintiff's pleas violated her right. The Court finds that the conclusion of the R and R is correct.

**III.    Order**

5

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Hluchaniuk's Report and

Recommendation dated February 3, 2011, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is

DENIED.


Dated: March 7, 2011            s/Bernard A. Friedman_____

       Detroit, Michigan           BERNARD A. FRIEDMAN

                                     UNITED STATES DISTRICT JUDGE